IN THE COMMONWEALTH COURT OF PENNSYLVANIA

H & S Construction & Supply, LLC, :
                     Appellant :
                           :
               v. : No. 459 C.D. 2021
                           : Submitted: March 18, 2022
Pennsbury Township Zoning Hearing :
Board :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED: June 1, 2022

H & S Construction & Supply, LLC (H&S) appeals from the April 6, 2021 order of the Court of Common Pleas of Chester County (Common Pleas) dismissing its appeal of a decision of the Pennsbury Township Zoning Hearing Board (ZHB) due to the fact that H&S filed its appeal before ZHB issued a written decision. On April 7, 2021, Common Pleas issued an amended order, adding that it was also dismissing H&S's appeal due to H&S's failure to timely file a supporting brief. Although H&S initiated its appeal on April 23, 2021, H&S did not appeal, or substantively challenge the additional reason for dismissal contained in, Common Pleas' April 7, 2021 amended order. As a result, we must quash H&S's appeal.

# I.     Background

H&S owns an approximately 2-acre parcel of land in Pennsbury Township, Chester County, Pennsylvania, that contains "two streams, a pond and associated wetlands." Reproduced Record (R.R.) at 26a; Appellee's Br. at 6. As a result of restrictions in the Pennsbury Township Zoning Ordinance, H&S is not able to use the property as a building lot. Appellee's Br. at 6. In early 2019, H&S filed an application with ZHB seeking both a special exception and a variance to use the property as a residential building lot. *Id.* ZHB held an evidentiary hearing on H&S's application, and that hearing spanned seven evenings, beginning on April 23, 2019, and ending on November 19, 2019. Appellant's Br. at 5.

At the conclusion of the hearing on November 19, 2019, the parties agreed upon a schedule for submitting proposed findings of facts and conclusions of law prior to a January 30, 2020 voting hearing. Regarding the voting hearing and a final decision, the following discussion occurred:

> [ZHB SOLICITOR]:     We will reconvene in this room on January 30th . . . for a decision hearing. That will be a voting hearing.
>    There will be no presentation or arguments accepted, and I'll just put the parties on notice that we will then have in accordance with the [Pennsylvania] Municipalities Planning Code[1] [(MPC)], 45 days to issue the formal written decision, but you'll know the answer on January 30th.
>    . . . .
>    [ZHB SOLICITOR]:     [Counsel for H&S], I don't know without looking at the MPC whether the January 30th hearing being scheduled tonight meets the deadlines for the next hearing under the MPC. If it does not, may we have a waiver of the scheduling requirements under the MPC?

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[COUNSEL FOR H&S[2]]:    You sure can.  I really think that since we closed the record tonight, I think technically that's when the 45 days starts, but we've agreed to the schedule where we're going to submit the briefs just like you said.  And to the extent that we need to give you a waiver of those time periods, so granted.

[ZHB SOLICITOR]:    Thank you very much for your courtesy.

Very well, unless there's anything else, this hearing is adjourned.

R.R. at 116a-18a.

On January 30, 2020, the parties reconvened for a voting hearing.  At the beginning of that hearing, ZHB Solicitor stated as follows:

As announced at the last hearing . . . , this is the decisional hearing only for final deliberations and vote.  A written decision consistent with the vote will be rendered and mailed within [45] days of tonight's hearing.

So this is not a hearing for presentation of evidence, testimony or other input from the parties, but we appreciate you coming out.

R.R. at 119a.  Thereafter, one of ZHB's members read a motion, which he had prepared in writing, to deny the variance request as presented.  *Id.* at 120a.  ZHB unanimously approved that motion.  *Id.*  One of ZHB's members then read a second motion, which he had also prepared in writing, to grant conditional approval of the variance request.  *Id.* at 120a-22a.  ZHB also unanimously approved that motion.  *Id.* at 122a.  ZHB Solicitor then asked if there was any further business before ZHB.  *Id.* Counsel for H&S responded by asking if he could have a written copy of the motions that were read and approved.  *Id.*  He received copies of the motions, and the hearing concluded without further discussion.  *Id.*

On February 28, 2020, H&S filed an appeal in Common Pleas.  R.R. at 4a-32a.  In its appeal, H&S asserted that ZHB's "decision" was contained in the two

---

[2] Although the original transcript attributed these statements to ZHB Solicitor, both parties agree that counsel for H&S made these statements.  *See* Appellant's Br. at 11; Appellee's Br. at 7.

3

written copies of the oral motions that were provided to counsel for H&S, at his request, at the conclusion of the January 30, 2020 voting hearing. *Id.* at 15a. On or about March 13, 2020, ZHB issued its written decision, which contained ZHB's findings of fact and conclusions of law. Appellee's Br. at 8. H&S did not file an appeal after receiving ZHB's March 13, 2020 written decision.

On August 20, 2020, ZHB filed a motion in Common Pleas to quash and dismiss H&S's appeal. R.R. at 53a-56a. In that motion, ZHB asserted that H&S had consented to a timeline that provided it with 45 days from January 30, 2020 to issue a written decision. *Id.* at 54a. Accordingly, ZHB considered H&S's February 28, 2020 appeal of its orally announced decision to be a protective appeal. *Id.* ZHB asserted that this protective appeal should be quashed as having been prematurely filed. *Id.* at 55a. Additionally, ZHB asserted that H&S's appeal should be dismissed because H&S failed to file a brief in support of its appeal within the time permitted pursuant to the local rules in Chester County.[3] *Id*.

In response to ZHB's motion to quash and dismiss its appeal, H&S asserted that it had "specifically granted a waiver of the timeframe prescribed by [Section] 908(9) of the [MPC][4] within which [ZHB] was required to render a decision on the Amended Application up to and including January 30, 2020." R.R. at 76a. H&S then asserted that "no further extension of the timeframe prescribed by [Section] 908(9) of the MPC was granted by H&S or its counsel" for issuance of "some sort of writing evidencing their decision." *Id.* With regard to filing a brief in support of

---

[3] Chester County Rules of Civil Procedure 5002(f) and 5002(g) provide that if an appellant does not file a brief in support of an appeal within 31 days of the filing of the returned record, the appellee "may move for dismissal of the matter," and that motion "shall be determined by the Court as it deems just and proper."

[4] Section 908(9) of the MPC, 53 P.S. § 10908(9).

4

its appeal, H&S admitted that it filed its brief on August 5, 2020, which was greater than 31 days after Common Pleas received the record from ZHB. R.R. at 78a.

After holding oral argument and reviewing the parties' briefs, Common Pleas issued an order on April 6, 2021, dismissing H&S's appeal. Therein, Common Pleas concluded that H&S's February 28, 2020 appeal was a protective appeal, and that H&S's failure to file an appeal after ZHB's March 13, 2020 written decision required Common Pleas to dismiss H&S's appeal. R.R. at 98a. On April 7, 2021, Common Pleas issued an amended order dismissing H&S's appeal. That order contained the same reasoning as the April 6, 2021 order, but it also listed a second reason for dismissing H&S's appeal, as follows: "In addition, [H&S] failed to timely file a brief in violation of [Chester County Rule of Civil Procedure] 5002(g)." R.R. at 101a.

## II.    Discussion

On appeal, H&S asserts that Common Pleas erred as a matter of law in concluding that (1) ZHB had not rendered an appealable order when it orally adopted motions and provided H&S's counsel with a written copy of those motions, and (2) H&S's February 28, 2020 appeal was a protective appeal.[5] R.R. at 104a. We are unable to reach those issues, however, because we lack jurisdiction to hear H&S's appeal.

---

[5] In its opinion in support of order filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Common Pleas asserted that H&S's statement of errors complained of on appeal was "not specific enough" for it "to identify and address the issues raised therein." R.R. at 108a. Despite this assertion, Common Pleas specifically identified and addressed these two issues that H&S raised on appeal. *Id.* at 107a-09a. Accordingly, we conclude that H&S's statement of errors complained of on appeal was sufficiently detailed. *See Desher v. Se. Pa. Transp. Auth.*, 212 A.3d 1179, 1185 (Pa. Cmwlth. 2019) (a statement of errors complained of on appeal does not have to give elaborate reasoning but need only provide sufficient detail to allow the trial court to identify and address the issues raised).

### a. H&S did not appeal from an appealable order.

"[A]ppeals may only be taken without leave of court from final orders and collateral orders." *Kurowski v. Off. of Open Recs.* (Pa. Cmwlth., No. 2289 C.D. 2012, filed December 27, 2013), slip op. at 4[6] (citing Pa.R.A.P. 341(a)). Pursuant to the Judicial Code, "a court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed." 42 Pa.C.S. §5505. After a court properly amends an order pursuant to 42 Pa.C.S. §5505, the amended order generally becomes the final, appealable order. *See Kurowski*, slip op. at 4-5 (quashing appeal for failure to appeal from a final order when appellant appealed from an order granting reconsideration rather than from the subsequent, final order); *In re H.C.* (Pa. Super., No. 1243 MDA 2021, filed March 18, 2022), slip op. at 1, n.3[7] (quoting a prior *per curiam* order and quashing appellant's appeal of an August 23, 2021 order, because "'the August 2[3], 2021 [order] is a legal nullity' in light of the August 31, 2021 amended order"). When a statute or rule defines the original order as a final, appealable order, however, the original order remains appealable even if it is subsequently modified. *See, e.g., Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572, 579 (Pa. Super. 2003) (finding that a judgment entered pursuant to Pa.R.Civ.P. 227.4(1)(b) was the final, appealable order, despite its subsequent modification).

Common Pleas entered its original order dismissing H&S's appeal on April 6, 2021 and its amended order dismissing H&S's appeal on April 7, 2021. H&S did not file its notice of appeal until April 23, 2021. H&S received notification of the

---

[6] Unreported memorandum opinions of the Pennsylvania Commonwealth Court that are filed after January 15, 2008 "may be cited for their persuasive value." Pa.R.A.P. 126(b).

[7] Unpublished opinions of the Pennsylvania Superior Court that are filed after May 1, 2019 "may be cited for their persuasive value." Pa.R.A.P. 126(b).

amended order, and H&S did not object to the amendment. Therefore, Common Pleas' April 7, 2021 amended order properly modified Common Pleas' April 6, 2021 order pursuant to 42 Pa.C.S. §5505. Unlike *Griffith*, when a judgment was the final, appealable order despite its subsequent modification, there is not a statute or rule that would define Common Pleas' April 6, 2021 order as a final, appealable order. Accordingly, Common Pleas' April 7, 2021 amended order is the final, appealable order in this matter.

We do not have jurisdiction over H&S's appeal of Common Pleas April 6, 2021 order. Here, the Pennsylvania Rules of Appellate Procedure only provide us with jurisdiction over an appeal taken from a final order. *See* Pa.R.A.P. 311-13, 341. H&S was aware of the existence of Common Pleas' April 7, 2021 final, amended order at the time it filed its appeal. Despite this awareness, H&S repeatedly asserted (in its statement of errors complained of on appeal, as well as the order in question, question presented, and argument section of its brief in this matter) that it was appealing Common Pleas' April 6, 2021 order. R.R. at 103a-04a; Appellant's Br. at 3, 6-7. In addition, H&S chose to not substantively address Common Pleas' April 7, 2021 amended order in this appeal. Because H&S intentionally appealed an order that is not a final, appealable order, H&S's appeal must be quashed.

> **b. H&S did not preserve for appellate review a challenge to Common Pleas' dismissal of its appeal due to H&S's failure to timely file a brief in support of its appeal.**

Even if we were able to excuse H&S's failure to appeal a final order in this matter, we would still be constrained to dismiss H&S's appeal, because H&S did not challenge Common Pleas' dismissal of its original appeal due to H&S's failure to timely file a supporting brief.

7

The only reference H&S made in this matter to the timeliness of its filing of a brief in support of its appeal in Common Pleas was in the "Order in Question" section of its brief. Appellant's Br. at 3. In that section, despite identifying Common Pleas' April 6, 2021 order as the order in question, H&S acknowledged (in a footnote) that Common Pleas issued an amended order on April 7, 2021. In that footnote, H&S asserted that "[t]he April 7, 2021 Order does not strike H&S's brief, conclude that its determination that the brief was untimely constitutes a waiver of any issued [sic] raised by H&S, nor find any prejudice to Appellee." Appellant's Br. at 3, n.1. Thus, H&S only mentioned Common Pleas' April 7, 2021 amended order to assert that H&S's untimely filing of a brief in support of its appeal was not a reason that Common Pleas dismissed its appeal.

We conclude, however, that Common Pleas did dismiss H&S's appeal due to H&S's failure to timely file a brief in support of its appeal, as the local rules of civil procedure require.[8] ZHB specifically requested that Common Pleas dismiss H&S's appeal due to H&S's failure to timely file a brief in support of its appeal. Chester County Rules of Civil Procedure 5002(f) and 5002(g) permit dismissal of an appeal, "as [the Court] deems just and proper," if a party does not timely file a supporting brief. Common Pleas initially issued an order dismissing H&S's appeal on other grounds. Then, Common Pleas went out of its way to issue a second, amended order that cited H&S's failure "to timely file a brief in violation of [Chester County Rule of Civil Procedure] 5002(g)" as a reason for dismissing the appeal. Accordingly, Common Pleas deemed it just and proper under the circumstances to dismiss H&S's appeal due to H&S's failure to timely file a brief in support of its appeal.

---

[8] We do not reach the issue of whether Common Pleas acted properly in dismissing H&S's appeal for failure to comply with the local rules of civil procedure, because that issue is not properly before us.

8

In addition to H&S's mischaracterization of Common Pleas' April 7, 2021 order, H&S did not properly raise an objection to Common Pleas' dismissal of its appeal for failure to timely file a brief in support of its appeal. "[A]ppellate courts are 'neither obligated, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter.'" *Commonwealth v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018) (citation omitted). Indeed, an issue that is not addressed either in the statement of questions involved or argument section of the appellant's brief is waived. *See Muretic v. Workers' Comp. Appeal Bd. (Dep't of Labor & Indus.)*, 934 A.2d 752, 758 (Pa. Cmwlth. 2007) (citing Pa.R.A.P. 2116(a) and 2119(a)).

H&S's short, unsupported assertion that Common Pleas could not have dismissed its appeal for a lack of timely filing of a brief in support of that appeal, which H&S placed in a footnote in its brief, was not a properly supported argument, and we will not attempt to develop it into one. Additionally, H&S waived review of the issue because H&S did not raise it in: (1) its statement of errors complained of on appeal, (2) its statement of questions involved in its brief, or (3) the argument section of its brief. *See Muretic*, 934 A.2d at 758.

Accordingly, we conclude that H&S has not properly preserved for appellate review a challenge to Common Pleas' dismissal of its appeal due to H&S's failure to timely file a brief in support of its appeal.

### III. Conclusion

As outlined above, H&S's appeal is quashed.

_____
STACY WALLACE, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

H & S Construction & Supply, LLC,　　:
　　　　　　　　　　Appellant　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　:　　No. 459 C.D. 2021
　　　　　　　　　　　　　　　　　　:
Pennsbury Township Zoning Hearing　:
Board　　　　　　　　　　　　　　:

# **O R D E R**

**AND NOW**, this 1st day of June 2022, H & S Construction & Supply, LLC's appeal is **QUASHED**.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　STACY WALLACE, Judge